TOBIN & TOBIN
JOHN P. CHRISTIAN, ESQ., SBN 111444
500 Sansome Street, 8th Floor
San Francisco, CA 94111-3214
Telephone: (415) 433-1400
Facsimile: (415) 433-3883

Attorneys for Secured Creditor
UNITED COMMERCIAL BANK

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>ROBIN ELAINE WILSON<br><br>Debtor<br><br>UNITED COMMERCIAL BANK,<br><br>Plaintiff,<br><br>vs.<br><br>ROBIN ELAINE WILSON<br><br>Defendant. | Case No.: 08-32034<br><br>Chapter 7<br><br>Adversary Proceeding No.<br><br>**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT UNDER SECTION 523 (a) (2) (A) AND 523 (a)(2)(B)** |

UNITED COMMERCIAL BANK, Plaintiff herein (hereafter "UCB" or "Plaintiff"), by its attorneys, Tobin & Tobin, by John P. Christian, alleges:

1. The Court has jurisdiction over this case under 28 U.S.C. section 157(b). This is a core proceeding pursuant to 28 U.S.C. sections 157(b)(2)(I) and (J).

2. The Plaintiff is a secured creditor of Defendant.



Case: 09-03012 Doc# 1 Filed: 01/30/09 Entered: 01/30/09 15:26:00 Page 1 of 6

3. The Defendant, ROBIN ELAINE WILSON (hereafter referred to as "Debtor" or "Defendant") is the Debtor in the above-entitled bankruptcy case, which was commenced on October 27, 2008 by the filing of a voluntary petition under Chapter 7 of the Bankruptcy Code.

4. This is an adversary proceeding to determine the dischargeability of a debt.

5. On or about July 13, 2006, the Debtor made, executed and delivered to UCB a Construction Loan Promissory Note in the principal amount of $1,995,000.00, a Construction Loan Agreement, and a Deed of Trust evidencing UCB's agreement to extend Debtor financing for the construction and acquisition of the development of the real property commonly known as 3027-25th Street and 1303 Alabama Street, San Francisco, CA 94110 (the "Loan"). Subsequent to the execution of the original, foregoing Loan Documents, the Loan was modified through a series of Loan Modification Agreements entered into by and between UCB and the Debtor.

6. In order to obtain the Loan, the Debtor was required to, among other things, accurately inform UCB in writing of all material information regarding the Debtor's financial condition, and of all litigation and claims and all threatened litigation and claims affecting the Debtor, as well as provide complete copies of personal and business financial statements, lists of assets and liabilities, accounts receivables, tax returns, and other reports with respect to Debtor's financial condition and business operations.

7. Debtor is indebted to Plaintiff in the principal amount of $2,928,426.68, together with accrued interest through January 30, 2009, of $213,522.24, and accrued late charges of $9,786.40. Interest continues to accrue at the rate of $711.77 per diem. The debt is non-dischargeable due to the Debtor's fraud and misrepresentations in obtaining the Loans, as follows:

8. Plaintiff is informed and believes and thereon alleges that at the Debtor's initial section 341 hearing on December 2, 2008, and confirmed at a continued Section 341 hearing on January 8, 2009, Debtor testified that she has not filed personal income tax returns for many years. This, of course, is at odds with Debtor's submission of putative tax return information

submitted by or on behalf of Debtor as part of her loan application. The putative tax return information cannot be reconciled with the Debtor's Section 341 testimony and the schedules submitted on behalf of Debtor as part of this bankruptcy case. Thus, it appears the Debtor submitted material, false information to UCB, with the intent to induce UCB's reliance thereon, in order to obtain the subject Loan. The Loan was therefore obtained by false pretenses, a false representation, and/or actual fraud. The Loan was also obtained through the submission of false financial statements. Accordingly, the debt is nondischargeable under Sections 523(a)(2)(A) and 523(a)(2)(B) of the Bankruptcy Code. Adding insult to injury, Debtor has failed to produce the records requested of her by the duly-appointed Chapter 7 Trustee prior to the January 30, 2009 filing deadline for this non-dischargeability complaint.

9. As a proximate result of the Debtor's fraud and deceit, and the facts herein alleged, UCB has been damaged in the principal sum of $2,928,426.68, plus interest thereon. The Debtor's own schedules filed herein confirm the serious undersecured creditor status of UCB.

10. Pursuant to the terms of the Loan, Debtor promised to pay to UCB all expenses and costs of collection incurred in connection with the Loan, including reasonable attorneys' fees. As a result of Debtor's conduct as alleged herein, UCB has been forced to engage Tobin & Tobin to pursue Debtor, and has incurred, and will continue to incur, legal fees as a result. In addition to the foregoing Loan balances, Debtor is liable for attorneys' fees in the estimated amount of $10,711.37 as of January 30, 2009, together with attorneys' fees and costs on a going forward basis.

WHEREFORE, UCB prays that the Court determine that Defendant's debt of $2,928,426.58, together with interest and late charges as alleged herein, less credits for sums actually received, is nondischargeable; that UCB have judgment against Defendant for $2,928,426.68, plus interest at the Note rate, all as according to proof, until paid in full, together with late charges, that UCB be awarded attorneys' fees and costs, and that UCB have such other and further relief as is just.



Case: 09-03012 Doc# 1 Filed: 01/30/09 Entered: 01/30/09 15:26:00 Page 3 of 6

Dated: January 30, 2009

TOBIN & TOBIN

By______________________

John P. Christian, Esq.
Attorney for Plaintiff
UNITED COMMERCIAL BANK

H:\JPC\Complaint Re Robin Wilson.doc

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA

**In re** ROBIN ELAINE WILSON

Bankruptcy Case No. 08-32034

UNITED COMMERCIAL BANK **Plaintiff**

Adversary Proceeding No.

ROBIN ELAINE WILSON **Defendant**

## SUMMONS AND NOTICE OF STATUS CONFERENCE IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to submit a motion or answer to the complaint which is attached to this summons to the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall submit a motion or answer to the complaint within 35 days.

| Address of Clerk |
|---|
| |

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

| Name and Address of Plaintiff's Attorney |
|---|
| Steven G. Kremer, Esq.<br>Law Office of Steven Kremer<br>3251 Steiner Street<br>San Francisco, CA 94123 |

If you make a motion, your time to answer is governed by Bankruptcy Rule 7012.

YOU ARE NOTIFIED that a status conference of the proceeding commenced by the filing of the complaint will be held at the following time and place.

| Address | Room |
|---|---|
| | Date and Time |

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT. PLAINTIFF SHALL PROMPTLY SERVE A COPY OF THE BANKRUPTCY DISPUTE RESOLUTION PROGRAM INFORMATION SHEET ON ALL PARTIES. A COPY OF THE INFORMATION SHEET IS AVAILABLE ON THE COURT'S WEB SITE AT WWW.CANB.USCOURTS.GOV, AND AT THE CLERK'S OFFICE.**

Gloria L. Franklin

*Clerk of the Bankruptcy Court*

By: ______________________

*Deputy Clerk*

______________________

*Date*

## CERTIFICATE OF SERVICE

I, ______________________________ (name), certify that I am, and at all times during service of process was, not less than 18 years of age and not a party to the matter concerning which service process was made. I further certify that the service of this summons and a copy of the complaint was ______________ (date) by:

G Mail service: Regular, first class United States mail, postage fully pre-paid, addressed to:

G Personal Service: by leaving the process with defendant or with an officer or agent of defendant at:

G Residence Service: By leaving the process with the following adult at:

G Publication: The defendant was served as follows: [Describe briefly]

G State Law: The defendant was served pursuant to the laws of the State of ______________ (name of state), as follows: [Describe briefly]

Under penalty of perjury, I declare that the foregoing is true and correct.

______________________________ ______________________________

*Date* *Signature*

| Print Name | | |
|---|---|---|
| Business Address | | |
| City | State | Zip |